UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-09186 PA (JEMx) | Date | October 29, 2019 |
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

None  None

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Michael Weinig, Inc. ("Defendant"). (Docket No. 1.) The Complaint alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

To establish citizenship for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the Notice of Removal states, "Michael Weinig, AG is a foreign corporation and is a citizen and resident of the Republic of Germany. Michael Weinig, AG was not a citizen of the State of California at the time of, or immediately prior to, the filing and service of this lawsuit, nor has it been at any time thereafter." (Docket No. 1 ¶9.) Because a corporation incorporated in a foreign country is also a citizen where it has its principal place of business, the allegations of defendant Michael Weinig, AG's citizenship are inadequate. See, e.g., Wong v. Qingdao Yijia Native Imp., & Exp., Ltd., No. CV-13-07207 RSWL (FFMx), 2013 WL 12155708, at

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09186 PA (JEMx) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Jesus Lopez v. Michael Weinig, Inc. et al. | | |

*1 (C.D. Cal. Oct. 10, 2013). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship").

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19STCV30612, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.